## D. T. BLEDSOE, ADMR., V. J. G. BEILER.

(Case No. 5835.)

1. ESTATES OF DECEDENTS—CREDITORS—REVISED STATUTES, ARTICLE 2035—After an order for partition and distribution, an estate is as effectually closed, so far as it concerns creditors not previously made parties to the administration, as if it had been so declared by an order of court.

2. SAME—TIME OF PRESENTING CLAIMS—Until partition takes place, any just debt may be enforced against the administrator, even though his application for final settlement be on file.

3. SAME—CONVEYANCE BY SURVIVOR—RIGHT OF CREDITOR TO CONTEST—A creditor is entitled to inquire whether the interest of the estate in land disposed of by the survivor, and whether the right of the creditor to subject such land to his claim, were destroyed by that conveyance. In order to do so he is authorized to put himself properly upon the record as an approved or an *established creditor of the estate.*

4. PROMISSORY NOTE—ASSIGNEE—WARRANTY—FAILURE OF TITLE—MEASURE OF DAMAGES—H. made a written assignment of a note to B. The assignment stated that the note was given for the purchase money of land conveyed by H. to the payers; it warranted H.'s title to the land and note, and agreed to pay B. whatever loss he might incur by failure of his title in either respect. B. assigned the note to O. and guaranteed title to the land. O. sued the maker of the note, and B., and also W., who was in possession of the land. He obtained a judgment against the maker and B. for the amount of note and costs. B. paid O. the amount of the judgment, and sued the anministrator of H *Held:*

(1) The measure of damages was the value to B. of the lien upon the land, *i. e.*, what the land would have brought at foreclosure sale, provided it sold for less than the sum due on the note; *if it sold for that much or more, then the* amount due on the note.

(2) The costs of the suit brought by O. could not enter into the estimate of damages, since they did not result solely or necessarily from a failure of H.'s title to the land.

APPEAL from Johnson. Tried below before the Hon. J. M. Hall.

About March 1, 1878, S. P. Hollingsworth sold and conveyed to W. H. Nave, by general warranty deed one hundred acres of land in Ellis county, Texas, for which Nave executed his note to Hollingsworth for $500, payable in five years, with interest from date at ten per cent., payable annually, in advance, interest to bear interest, if not paid at maturity; about July 15, 1878, Hollingsworth sold and conveyed by general warranty deed to Geo. F. Berry, eighty acres of land in Ellis county, for which Berry executed to Hollingsworth his note for $400, payable on or before July 15, 1883, with interest from date at ten per cent. payable annually in advance, interest to bear interest, if not paid at maturity. About May 29, 1879, Hollingsworth assigned the notes to the appellee for their full face value. The assignment was made by a separate instrument of writing, setting out that the notes were given

for the purchase money of land, conveyed by Hollingsworth to the payors, to which Hollingsworth covenanted that he had a good title, and that he had a perfect right to convey the same, and further covenanted to save and keep appellee harmless from any defects in the title, and to pay him all loss he might sustain as assignee of the notes by reason of any defects in the title; also covenanted that he had good title to the notes. After appellee became the owner of the notes, he assigned the Berry note to J. M. Offield, and guaranteed the title to the land for which the note was given to be perfeet. When the Berry note matured, Berry, having failed to pay, except three years interest, Offield sued Berry, appellee, and R. M. Wyatt, in the district court of Grayson county, Wyatt being made a party because he was in possession and claimed to own the land for which the note was given, and on March 27, 1885, Offield obtained a judgment against Berry and appellee for the amount of the note and interest, ($569.31) with interest at ten per cent. and costs of suit ($30.60), but judgment was rendered for Wyatt. About October 18, 1881, the state issued a patent to Wyatt for six hundred and forty acres of land, which covered both tracts conveyed by Hollingsworth to Nave and Berry. About June 13, 1885, appellee paid Offield the judgment, interest and costs, amounting to $608.01.

Hollingsworth died September 9, 1879. Letters of administration were granted on his estate to appellant, in Johnson county; appellant duly qualified and filed inventory, and appraisement. About July 7, 1885, appellee, not having been repaid the amount of the Offield judgment, interest and costs, paid by him, and the Nave note not having been paid, except four years interest, made out his claim, being the amount of the judgment, interest and costs paid by him, and Nave note and unpaid interest, against the estate of Hollingsworth in due form, attaching a certified copy of the judgment and Berry note, and the original of the written assignment of the notes by Hollingsworth to appellee, and having made oath to same, presented the claim to appellee, which he refused to allow on the grounds, first, that he had filed his final account on June 6, 1885, showing all claims against the estate paid, and no property in his possession ; second, that the claim as presented, and affidavit, did not show *prima facie*, a valid claim against the estate.

On August 3, 1885, the claim was again presented with the same result. The appellant filed his final account as administrator on June 26, 1885, and on August 1 following, his account was approved, and an order made discharging him and closing the administration. During the same term that this was done, the appellee filed a motion to

set aside the order, which was acted upon and granted during the term, and the order set aside and the administration continued in force, to which appellant excepted and gave notice of appeal, but did not prosecute the appeal.

On August 31, 1885, appellee filed this suit on the claim presented to appellant as above stated. On December 31, 1885, when the case was called for trial the appellant moved for a continuance, on the ground that he had appealed from the judgment of the county court, setting aside the order discharging him as administrator, and closing the administration, and that the appeal was still in force and undecided. The court overruled the motion to which appellant excepted, and the case came to trial before the court without a jury, and resulted in a judgment for appellee for the amount sued for and costs of the suit. There were a great many questions of law and fact raised by the pleading, the motion for a continuance and on the introduction of the testimony, but the issues made in the case, are:

1. Did the court err in overruling the motion for a continuance and trying the case regardless of the alleged appeal from the judgment of the county court above mentioned?

2. Did the court correctly construe the contract by which the Nave and Berry notes were assigned by Hollingsworth to appellee, as to the measure of recovery for a breach thereof, that is, in making the measure of recovery the amount of the Nave note, and unpaid interest, and the amount of the judgment, interest and cost on the Berry note, which was paid by appellee; or should the measure of recovery have been the value of the land sold and conveyed to Nave and Berry, or, what it would bring at a foreclosure sale?

*W. L. & M. L. Crawford* and *Alex. White*, for appellant, cited: Holman *v.* Criswell, 15 Tex., 394; Hogan *v.* Kellum, 13 Tex., 396.

*Wilkins & Patty*, and *Davis & Plummer*, for appellee, on the appeal from the order of the county court, cited: R. S., arts. 2200, 2204, 2207; Blum *v.* Wettermark, 58 Tex., 125; Freeman on Judg., sec. 90; Estate of S. P. Dean, 62 Cal., 613; Estate of Michael Callahan, 60 Cal., 283.

As to measure of damages, they cited: Hahn *v.* Doolittle, 18 Wis., 207; 2 Par. on Con., 494, 495, *et seq.*, and notes.

WILLIE, CHIEF JUSTICE.—At the time the claims of the appellee were presented for allowance, the administrator of Hollingsworth had not been discharged, though his application for final settlement was on file. Nothing in our statutes forbids the presentation of claims up

to the time an order for partition and distribution has been made. R. S., Art. 2035. The very fact that an allowance of claims is expressly fordidden after that time, implies that previously thereto it is lawful and proper to present them. There is very good reason for this limitation of the statute. After the order of partition is made, the property of the estate then in the hands of the administrator can be appropriated, so far as creditors are concerned, only to the payment of debts already allowed, and the expenses of administration. R. S., Art. 2107.

The remainder not thus appropriated has been decreed by the court to belong to the distributees of the estate, and of this the administrator can make no other disposition. Creditors, whose claims have not been approved or established, must look for payment to the distributees, who received the property that would have been liable to their debts whilst in the hands of the administrator had their claims been presented in time. The estate is as effectually closed, so far as it concerns creditors not previously made parties to the administration, as if it had been so declared by an order of court.

But until partition does take place there is no reason why any just debt may not be enforced against the administrator. He is still administering the estate in trust for the payment of all its debts, and not for certain creditors alone whose debts have already been allowed. If there is any property on hand the creditors whose claims have not already been allowed, have the right to see that it is used to pay their debts before passing to the distributees.

No order of partition had been made in this case when the claims were presented, and the estate was still open for the benefit of all creditors. But the administrator contends that as there was no property to distribute the estate was in the same condition as if a distribution had already been made. It was without means and therefore without responsibility for debts. It is true the administrator reported nothing on hand at the time he applied for a discharge; and doubtless such was his opinion, and it may have been correct. But it appears that two thousand acres of land had been inventoried and had not been disposed of by the administrator. It was stated that it had been sold by the surviving wife and sole devisee of Hollingsworth. But whether the title of the estate in the land and the right of this plaintiff to subject it to his claims was thereby destroyed, was a question which the plaintiff had a right to have tested, and in order to do so was authorized to put himself properly upon the record, as an approved or established creditor of the estate. At any rate the statute had opened the estate for the presentation of such claims, and had fixed a time when it would be too late for their allowance. As that

time had not arrived there was no express prohibition against their being presented, and not seeing any reason why the plaintiff should be cut off from his remedy against the estate, we are of opinion that the presentation was in due time.    This leads us to the conclusion that the affidavit for continuance presented no matter whatever that should have delayed a trial of the cause, and the motion to continue was properly overruled.

We do not think that under the evidence the measure of damages was the amount due upon the note and judgment, together with the costs of the suit in which the judgment was obtained; but the value to the plaintiff of the lien upon the land which had been lost by the failure of Hollingsworth's title.    Hollingsworth had warranted his title to the land and to the notes.    He had agreed to pay Beiler whatever loss he might incur by reason of the failure of his title in either of these respects.    His obligation had this extent and no more.    The amount of this loss in case of the insolvency of the maker of either note was what the land would have produced at foreclosure sale towards the extinguishment of the amount due upon that note, provided it sold for less than a sum sufficient to pay the note in full.    If it would have sold for enough or more than enough for this purpose, the measure of damages was the amount of the debt due upon the note. There was no allegation or proof as to what the land would have brought at foreclosure sale; nor of its cash market value.    Had the latter been alleged and proved, the court might have presumed that it would have brought this amount at forced sale.    But as it was not, the court could not assume that the land was worth the amount of the debt due upon the notes, and there was nothing before the court upon which to determine what amount of judgment to render for the plaintiff.    For this reason the judgment will have to be reversed and the cause remanded for a new trial according to the principles announced in this opinion.

In remanding the cause it is proper for us to say that we do not think that in any event the costs of the suit brought by Offield against Berry. Beiler and Wyatt should enter into the estimate of the damages which may be recovered by the plaintiff in this cause.    They did not result solely or necessarily from the failure of Hollingsworth's title to the land.    They were incurred in a suit brought as well for the purpose of collecting the note by ordinary execution against the maker and endorser, as by sale of the land in satisfaction of the lien. Neither Hollingsworth's administrator nor the parties entitled to his estate had notice of the suit, nor opportunity to defend his title.    The action therefore was of no avail in determining title as between

Wyatt and Hollingsworth's estate. The judgment was of no service except to determine the amount due upon the note from Berry and Beiler, the maker and endorser, and to obtain an ordinary execution against them for the amount thus ascertained, and there is no reason why the costs of such a procedure should be charged to Hollingsworth's estate. It had nothing to do with that question, and its decision one way or another would not have affected the liability of the estate to make good the loss caused to Beiler by a failure of Hollingsworth's title to the land.

The other questions raised are either unimportant or not raised by proper assignments of error. For the error mentioned the judgment is reversed and the cause remanded.

                                        REVERSED AND REMANDED.

[Opinion delivered June 15, 1886.]